UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COREY BERARD | * | |
| VERSUS | * | CIVIL ACTION NO. |
| SWIRE PACIFIC OFFSHORE, in personam, the *M/V PACIFIC DOLPHIN*, her engines, tackle, furnishings and appurtenances in rem, EXXON MOBIL CORPORATION, TRANSOCEAN LTD., TRANSOCEAN OFFSHORE USA, INC. and TRANSOCEAN OFFSHOR DEEPWATER DRILLING USA, INC. | * * * * * | JUDGE: MAGISTRATE: |

\*   \*   \*   \*   \*   \*   \*   \*

## **COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes COREY BERARD, a person of full age of majority, a citizen of the State of Louisiana residing in Lafayette Parish, and for his Complaint, he respectfully avers as follows:

1.

This Court has jurisdiction in admiralty pursuant to 28 U.S.C. §1333, the Louisiana Longarm Statute, LSA – R.S. 13:3201 and pursuant to 28 U.S.C. §1367(a) for plaintiff's remaining claims.

2.

Made defendants herein are:

1.  SWIRE PACIFIC OFFSHORE, on information and belief, a foreign corporation who conducts business within the State of Louisiana and jurisdiction of this Honorable Court, and

at all times herein, was the owner of M/V PACIFIC DOLPHIN and/or the employer of persons who caused and/or contributed to plaintiff's accident thereon.

2. EXXON MOBIL CORPORATION, on information and belief, a corporation authorized to do and doing business within the State of Louisiana and jurisdiction of this Honorable Court, and at all times herein, who was the owner and/or owner *pro hac vice* of the DEVELOPMENTAL DRILLER II, which was operating in Equatorial Guinea, and was at all times managed, directed and controlled the activities of the DEVELOPMENTAL DRILLER II and/or the employer of persons who caused and/or contributed to plaintiff's accident.

3. TRANSOCEAN LTD., on information and belief, a corporation authorized to do and doing business within the State of Louisiana and jurisdiction of this Honorable Court, and at all times herein, who was the owner and/or owner *pro hac vice* of the DEVELOPMENTAL DRILLER II, which was operating in Equatorial Guinea, and was at all times managed, directed and controlled the activities of the DEVELOPMENTAL DRILLER II and/or the employer of persons who caused and/or contributed to plaintiff's accident.

4. TRANSOCEAN OFFSHORE USA, INC., on information and belief, a corporation authorized to do and doing business within the State of Louisiana and jurisdiction of this Honorable Court, and at all times herein, who was the owner and/or owner *pro hac vice* of the DEVELOPMENTAL DRILLER II, which was operating in Equatorial Guinea, and was at all times managed, directed and controlled the activities of the DEVELOPMENTAL DRILLER II and/or the employer of persons who caused and/or contributed to plaintiff's accident. TRANSOCEAN OFFSHORE USA, INC.' s registered office in Louisiana is located at 8550 United Plaza Building II, Ste. 305, Baton Rouge, Louisiana 70809, which is within the jurisdiction of this honorable court.

5. TRANSOCEAN OFFSHORE DEEPWATER DRILLING USA, INC., on information and belief, a corporation authorized to do and doing business within the State of Louisiana and jurisdiction of this Honorable Court, and at all times herein, who was the owner and/or owner *pro hac vice* of the DEVELOPMENTAL DRILLER II, which was operating in Equatorial Guinea, and was at all times managed, directed and controlled the activities of the DEVELOPMENTAL DRILLER II and/or the employer of persons who caused and/or contributed to plaintiff's accident.

3.

The defendants are liable unto the plaintiff pursuant to the General Maritime Law of the United States of America, and/or in the alternative, under the provisions of the Longshore and Harbor Worker's Compensation Act, 33 U.S.C. 901, et seq., particularly Section 905(b), and under the law and statutes of the State of Louisiana, including but not limited to C.C. Arts. 2315 et seq., and he brings this suit pursuant to the "savings to suitors" clause of the United States Constitution, for the following reasons:

4.

On or about April 11, 2019, plaintiff was employed by third-party, DELMAR SYSTEMS, INC., aboard the M/V PACIFIC DOLPHIN, a vessel owned and/or operated by the defendant, SUIRE PACIFIC OFFSHORE, as an anchor handler while said vessel was operating in Equatorial Guinea in support of the DEVELOPMENTAL DRILLER II. On that date, plaintiff was performing his assigned duties aboard the vessel. In the course of performing those duties, suddenly and without warning and due to the negligence of the defendants and/or their agents or employee, and/or the vessel, plaintiff was caused to sustain severe and disabling injuries when he struck by a rope while a winch drum was being secured and thrown into an unsecured chain locker.

5.

Plaintiff was in no manner negligent. On information and belief, plaintiff alleges that the sole and proximate cause of the accident and his injuries, as described herein, was the negligence and/or failure of the defendant and its vessel, and its employees, servants and/or agents, in carrying out their obligations and duties, individually and concurrently, in the following respects:

1. Failure to provide plaintiff with a safe place in which to work;

2. Failure to warn the plaintiff;

3. Failure to warn plaintiff of the dangerous and unsafe conditions of the vessel;

4. Failure to exercise reasonable care in discovering and correcting any and all unsafe conditions existing on the vessel;

5. Failure to properly maintain and repair the vessel and its equipment;

6. Failure to provide plaintiff with the proper equipment and/or personnel to accomplish his job in a reasonably safe manner;

7. Failure to provide competent and adequate supervisory authority;

8. Hiring untrained and unskilled employees;

9. Failure to properly train employee or other for whom the defendants are responsible;

10. Negligent acts committed by employees of the defendants and/or others for whose negligent acts the defendants are responsible under the theory of *respondeat superior*;

11. Breach of legally imposed duties of reasonable care owed by the defendant(s) to the plaintiff;

12. Other acts of negligence, breach of duties, and other actions and/or inactions on the part of defendant to be proven at the trial of this case.

6

Solely by reason of the negligence of the defendants, their employees, agents and/or other for whom they are legally responsible, and/or the vessel, breach of duties and other actions and/or

inactions described herein, plaintiff sustained serious injuries including but not limited to the following: ruptured herniated discs and/or nerve damage, injury to head, neck and eyes, as well as other injuries to his bones, muscles and joints, organs and tissues. As a result thereof, plaintiff has in the past and will in the future: require medicines, medical care, medical treatment, have to expend moneys and incur obligations for treatment and care, suffer agonizing aches, pains, and mental anguish, and be disabled from performing his usual duties, occupations and avocations.

7.

As a result of the aforesaid negligence, breach of duties, and other actions and/or inactions on the part of the defendants their employees, agents and/or other for whom they are legally responsible, and/or the vessel, plaintiff has suffered injuries and damages for which the defendants are liable unto him, together with legal interest from the date of occurrence, a reasonable attorney's fee, and all costs of these proceedings.

**WHEREFORE**, COREY BERARD prays that his Complaint be deemed good and sufficient, and that after due proceedings had and the expiration of all legal delays herein, there judgment in favor of the plaintiff, COREY BERARD, and against defendants, SWIRE PACIFIC OFFSHORE, EXXON MOBIL CORPORATION, TRANSOCEAN LTD., TRANSOCEAN OFFSHORE USA, INC. and TRANSOCEAN OFFSHORE DEEPWATER DRILLING USA, INC., in damages in an amount to be determined at trial, together with interest from the date of occurrence until paid, attorney's fees, and all costs; and for any and all other relief which the law and justice provide.

Respectfully submitted,

/s/ Kristi A. Post
KRISTI A. POST  (17752) – T.A.
LAWRENCE BLAKE JONES  (7495)
BLAKE JONES LAW FIRM, LLC
701 Poydras St., Suite 4100
New Orleans, Louisiana  70139
Telephone:  (504) 525-4361
Facsimile:  (504) 525-4380
kpost@nola-law.com
jones@nola-law.com
*Attorneys for plaintiff, Corey Berard*

**PLEASE SERVE:**

SWIRE PACIFIC OFFSHORE
*Via the Louisiana Longarm Statute on:*
Peter Langslow, Managing Director
300 Beach Road
#15-01 The Concourse
Singapore  199555

EXXON MOBIL CORPORATION
Through its registered agent for service of process:
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA  70802

TRANSOCEAN LTD.
Through their registered agent for service of process:
Capitol Corporate Services, Inc.
8550 United Plaza Building II, Ste. 305
Baton Rouge, LA  70809

TRANSOCEAN OFFSHORE USA, INC.
Through their registered agent for service of process:
Capitol Corporate Services, Inc.
8550 United Plaza Building II, Ste. 305
Baton Rouge, LA  70809

TRANSOCEAN OFFSHORE DEEPWATER DRILLING USA, INC.
Through their registered agent for service of process:
Capitol Corporate Services, Inc.
8550 United Plaza Building II, Ste. 305
Baton Rouge, LA  70809