UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**COREY BERARD**                                                                 **CIVIL ACTION**

**VERSUS**

**SWIRE PACIFIC OFFSHORE, ET AL.**                           **NO. 22-00169-BAJ-EWD**

### RULING AND ORDER

Plaintiff Corey Berard alleges that on April 11, 2019, he was working aboard the vessel M/V PACIFIC DOLPHIN in the territorial waters of Equatorial Guinea when he was "struck by a rope while a winch drum was being secured and, as a consequence, violently thrown into an unsecured chain locker." (Doc. 32 at ¶¶ 4-5, 10). He states that he suffered serious injuries, and now seeks damages from multiple Defendants, alleging negligence under "the General Maritime Law of the United States of America, and/or in the alternative, under the provisions of the Longshore and Harbor Worker's Compensation Act, 33 U.S.C. 901, *et seq.* [(LHWCA)], … and under the law and statutes of the State of Louisiana." (*Id.* at ¶¶ 3, 10).

Among the Defendants are Swire Pacific Offshore Operations (Pte) Ltd. ("Swire")[1]—the alleged owner of the PACIFIC DOLPHIN, (*id.* at ¶ 2(1), 4))—and Mobil Equatorial Guinea Inc. ("MEG")—the company that chartered the PACIFIC DOLPHIN from Swire for its operations in Equatorial Guinea. (*Id.* at ¶¶ 2(3), 5).

According to Plaintiff, Swire is "a foreign entity formed under the laws of Singapore who, upon information and belief conducts business within the State of

---

[1] Swire states that it is mistakenly named as "Swire Pacific Offshore" in the operative Second Amended Complaint. (Doc. 49 at p. 1). Plaintiff does not contest this correction. (*See* Doc. 52).

Louisiana." (*Id.* at ¶ 2(1)). In turn, MEG is "a Delaware corporation with its principal place of business in Houston[,] Texas who at all times pertinent hereto was authorized to do and doing business within the State of Louisiana." (*Id.* at ¶ 2(3)). Beyond this, the only additional link between these companies and Louisiana is Plaintiff's allegation that MEG contracted with Plaintiff's employer, Lafayette-based Delmar Systems, Inc., "to provide anchor handling services" aboard the PACIFIC DOLPHIN during MEG's operations in Equatorial Guinea. (*Id.* at ¶¶ 2(3), 5).

Now, Swire and MEG each move to dismiss Plaintiff's claims, arguing that Plaintiff's Second Amended Complaint (SAC) fails to establish a plausible basis to exercise personal jurisdiction over either Defendant. (Doc. 48, Doc. 49).[2] Plaintiff opposes each Motion, and additionally seeks leave to conduct limited jurisdictional discovery as to each Defendant. (Doc. 52, Doc. 54, Doc. 55). Swire resists allowing Plaintiff to conduct jurisdictional discovery, (Doc. 58), MEG does not.

Personal jurisdiction is "an essential element of the jurisdiction of a district court, without which it is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). "The plaintiff bears the burden of establishing jurisdiction, but need only present *prima facie* evidence." *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002). In considering a motion to dismiss for lack of

---

[2] Additionally, MEG argues that Plaintiff's LHCWA and state-law claims are untimely and must be dismissed on that basis. (Doc. 48-1 at pp. 16-18). Plaintiff responds stating that he "filed his maritime tort claims pursuant to the Court's admiralty jurisdiction under the general maritime law pursuant to 28 U.S.C. §1333 (3-year prescriptive period)," and that he only alleged LHCWA and state law claims "as alternative jurisdictional bases." (Doc. 54 at pp. 4-5). The Court accepts these representations as a tacit waiver and abandonment of Plaintiff's LHCWA and state law claims, and these claims will be dismissed with prejudice.

personal jurisdiction, the Court must accept the plaintiff's "uncontroverted allegations, and resolve in [his] favor all conflicts between the facts contained in the parties' affidavits and other documentation." *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000).

A federal district court may exercise personal jurisdiction over a foreign defendant if (1) the long-arm statute of the forum state creates personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction is consistent with the due process guarantees of the U.S. Constitution. *Revell*, 317 F.3d at 469. Because Louisiana's long-arm statute, La. R.S. § 13:3201, *et seq.*, extends jurisdiction to the full limits of due process, the Court's focus is solely on whether the exercise of its jurisdiction over a particular foreign defendant would offend federal due process. *See Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999) (citing La. R.S. § 13:3201(B)).

> The Due Process Clause of the Fourteenth Amendment permits a court to exercise personal jurisdiction over a foreign defendant when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice. Sufficient minimum contacts will give rise to either specific or general jurisdiction. General jurisdiction exists when a defendant's contacts with the forum state are unrelated to the cause of action but are continuous and systematic. Specific jurisdiction arises when the defendant's contacts with the forum arise from, or are directly related to, the cause of action.

*Revell*, 317 F.3d at 470 (quotation marks and footnotes omitted).

Upon determining that it lacks personal jurisdiction over a foreign defendant, the Court's first option is to dismiss the foreign defendant without prejudice. *Guidry*

3

*v. U.S. Tobacco Co.*, 188 F.3d 619, 623 n.2 (5th Cir. 1999). Alternatively, the Court may authorize limited jurisdictional discovery where the plaintiff's "allegations … suggest with reasonable particularity the possible existence of the requisite contacts." *See Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)).[3] Jurisdictional discovery may include "any combination of the recognized methods of discovery." *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985).

Guided by these principles, the Court easily determines that Plaintiff's operative SAC falls short at the minimum contacts prong of the jurisdictional analysis. First, obviously, the SAC cannot establish general jurisdiction over Swire, a Singapore corporation with no specifically alleged systematic ties to Louisiana. The same goes for MEG, a Delaware corporation.

The Court further determines that Plaintiff's SAC fails to establish specific jurisdiction over either Defendant. In fact, there is *no* identifiable contact between Swire and Louisiana. The *only* identifiable contact between MEG and Louisiana is MEG's alleged contract with Plaintiff's Lafayette-based employer, Delmar Systems. But the law is "well settled that an individual's contract with an out-of-state party alone cannot automatically establish sufficient minimum contacts in the other party's home forum." *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 222–23 (5th Cir. 2012) (quotation marks and alterations omitted).

---

[3] As a third option, the Court may transfer the entire action "to any other such court … in which the action … could have been brought at the time it was filed." 28 U.S.C. § 1631; *see Donelon v. Pollick*, No. 20-cv-00177, 2021 WL 796145, at *6 (M.D. La. Mar. 2, 2021) (Jackson, J.). The parties have not briefed this alternative, and the Court does not address it here.

4

The question becomes what to do next. Dismissal without prejudice is certainly an option. But so, too, is limited jurisdictional discovery, *provided that* Plaintiff's "allegations … suggest with reasonable particularity the possible existence of the requisite contacts." *Fielding*, 415 F.3d at 429.

As to Swire, the answer is easy: the SAC provides no indication whatsoever that there is a possibility of "requisite contacts" between Swire and Louisiana. Plaintiff's opposition to Swire's motion to dismiss fares no better. Indeed, the best evidence Plaintiff can muster in opposition to dismissal is a glossy photo-brochure featuring the PACIFIC DOLPHIN in operation. (Doc. 52-1). The obvious problem is that none of the photos depict the boat in Louisiana waters (as is clear from the *mountains* in the backdrop).

MEG is a closer call. But absent any opposition, the balance tips towards authorizing discovery, based on Plaintiff's allegations that his employment aboard the PACIFIC DOLPHIN resulted from an actual contract between MEG and Lafayette-based Delmar Systems. After all, the Supreme Court and the Fifth Circuit instruct that "a 'contract' is ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction. It is these factors—prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing—that must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum." *Pervasive Software Inc.*, 688 F.3d at 223 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478

5

(1985)). As such, the Court determines that this issue deserves additional exploration through limited jurisdictional discovery, as set forth below. *See Fielding*, 415 F.3d at 429. Further, the Court will allow Plaintiff to submit an amended complaint, pending completion of the jurisdictional discovery set forth herein.[4]

In sum, Plaintiff has made a sufficient showing that he may yet prove personal jurisdiction vis-à-vis MEG. The same cannot be said of Swire.

Accordingly,

**IT IS ORDERED** that MEG's **Rule 12 Motion To Dismiss (Doc. 48)** be and is hereby **GRANTED IN PART**, and that Plaintiff's claims under the LHWCA and "the law and statutes of the State of Louisiana" be and are hereby **DISMISSED WITH PREJUDICE** as untimely. In all other respects, MEG's Motion is **DENIED**, without prejudice to Meg's right to reassert its arguments regarding personal jurisdiction upon conclusion of the limited jurisdictional discovery set forth below.

**IT IS FURTHER ORDERED** that Swire's **Motion To Dismiss (Doc. 49)** be and is hereby **GRANTED**. Plaintiff's claims against Swire will be dismissed without prejudice for lack of personal jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiff's **Motion To Conduct Limited Jurisdictional Discovery (Doc. 55)** be and is hereby **GRANTED IN PART**. Plaintiff shall be permitted to propound limited jurisdictional discovery on MEG, as set forth below. In all other respects, Plaintiff's Motion is **DENIED**.

---

[4] If, after close of limited jurisdictional discovery, Plaintiff elects *not* to timely amend his Complaint, Plaintiff's right to amend will be deemed waived, and MEG may move for reconsideration of dismissal for lack of personal jurisdiction based on the arguments set forth in its current motion to dismiss.

**IT IS FURTHER ORDERED** that within 14 days of the date of this Order, Plaintiff shall propound discovery on MEG aimed to establish MEG's contacts with the State of Louisiana, consistent with the limits set forth herein. The scope of such discovery shall include, but is not limited to, telephone calls, emails, text messages, and all other forms of electronic communications relating to MEG's alleged contract with Delmar Systems, Inc.

**IT IS FURTHER ORDERED** that Plaintiff's jurisdictional discovery permitted under this Order be and is hereby limited to five *total* requests for admission, five *total* written interrogatories,[5] and five *total* requests for production.

**IT IS FURTHER ORDERED** that Defendants shall respond to Plaintiff's jurisdictional discovery within 30 days of receipt.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint, if any, within 21 days of receipt of MEG's response(s) to Plaintiff's jurisdictional discovery requests. Plaintiff's failure to timely submit an amended complaint shall be deemed a waiver of Plaintiff's right to amend.

**IT IS FURTHER ORDERED** that Defendants shall file their response to Plaintiff's amended complaint (if any) within 14 days after service of the Plaintiff's amended complaint.

**The deadlines set forth in this Order will not be modified or extended absent a showing of good cause. The parties are advised to expeditiously**

---

[5] Plaintiff is advised that the five written interrogatories permitted by this Order are *not* in addition to the 25 written interrogatories permitted by Federal Rule of Civil Procedure 33. Rather, any written interrogatory propounded to MEG under this Order shall count towards Rule 33's limit of 25 written interrogatories.

7

**resolve any discovery disputes related to the jurisdictional discovery permitted by this Order. If, after meeting and conferring, the parties are unable to resolve a dispute over the jurisdictional discovery permitted by this Order, a timely filed discovery motion will toll the deadlines set forth herein.**

Separately, the Court shall issue a partial judgment dismissing Swire from this action.

Baton Rouge, Louisiana, this 3rd day of May, 2023

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**