# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**COREY BERARD**                                          **CIVIL ACTION**

**VERSUS**

**SWIRE PACIFIC OFFSHORE, ET AL.**              **NO. 22-00169-BAJ-EWD**

### RULING AND ORDER

Plaintiff Corey Berard alleges that on April 11, 2019, he was working aboard the vessel M/V PACIFIC DOLPHIN in the territorial waters of Equatorial Guinea when he was "struck by a rope while a winch drum was being secured and, as a consequence, violently thrown into an unsecured chain locker." (Doc. 32 at ¶¶ 4-5, 10). He states that he suffered serious injuries, and now seeks damages from multiple Defendants, alleging negligence under "the General Maritime Law of the United States of America, and/or in the alternative, under the provisions of the Longshore and Harbor Worker's Compensation Act, 33 U.S.C. 901, et seq., particularly Section 905(b), and under the law and statutes of the State of Louisiana." (*Id.* at ¶¶ 3, 10).

Among the Defendants is Exxon Mobile Corporation. (*Id.* at ¶ 2(2)). According to Plaintiff, Exxon is, "on information and belief," "the parent company and/or affiliate of [D]efendant Mobil Equatorial Guinea Inc." ("MEG"). (*Id.*). In turn, MEG is the company that chartered the PACIFIC DOLPHIN for its operations in Equatorial Guinea, and contracted with Plaintiff's employer, Delmar Systems, Inc., "to provide anchor handling services" aboard the PACIFIC DOLPHIN. (*Id.* at ¶ 2(3), 5). Beyond Exxon's "parent company and/or affiliate" relationship with MEG, Plaintiff alleges that, "[u]pon information and belief," Exxon "and/or" MEG "had in place for all

workers on this operation a 5-week fatigue limit," which was exceeded by three weeks

when Plaintiff's accident occurred. (*Id.* at ¶ 8). There is nothing more in the operative

Second Amended Complaint to link Exxon to the events at issue.

Now, Exxon moves to dismiss Plaintiff's claims, arguing that they fail as a

matter of law because Plaintiff pursues Exxon solely due to "its status as the parent

company" of MEG, without sufficiently alleging that Exxon controlled MEG, or that

MEG acted as Exxon's alter ego. (Doc. 33-1 at pp. 8-10).[1] Plaintiff opposes Exxon's

Motion, but does not address this argument. (Doc. 46).[2]

To survive dismissal at the pleadings stage, the complaint must contain

"sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a

plausible claim … [is] a context-specific task that requires the reviewing court to draw

on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Facial

plausibility exists "when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 678. Hence, the complaint need not set out "detailed factual

allegations," but something "more than labels and conclusions, and a formulaic

---

[1] Exxon also moves to dismiss Plaintiff's claims as untimely, and for lack of personal jurisdiction. The Court does not address these arguments because Plaintiff's allegations fall short of stating any actionable claim against Exxon, for reasons below.

[2] Having failed to brief the issue, Plaintiff has waived his opposition to Exxon's argument that its alleged involvement is too attenuated to state any actionable claim under federal maritime law or Louisiana law. *See Buchicchio v. LeBlanc*, --- F.Supp.3d ----, 2023 WL 2027809, at *10 n.6 (M.D. La. 2023) (Jackson, J.). In any event, the Court agrees that the allegations are far too speculative to state a plausible claim against Exxon.

recitation of the elements of a cause of action" is required. *Twombly,* 550 U.S.at 555. When conducting its inquiry, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff. *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010).

"[C]orporations are distinct legal entities," presumed separate from the individuals or entities who own or comprise them. *See Huard v. Shreveport Pirates, Inc.*, 147 F.3d 406, 409 (5th Cir. 1998) (citing authorities). To the point, "a parent company … is not liable for the acts of its subsidiaries," *unless* the plaintiff demonstrates "that the parent company controlled the operations of the subsidiary." *Ames v. Ohle*, 2016-0612 (La. App. 4 Cir. 4/26/17), 219 So. 3d 396, 406 (quotation marks omitted). "[A] court will not lightly assume that a parent has accepted that obligation absent proof of an affirmative undertaking by the parent corporation." *Id.* (quoting James S. Holliday, Jr., Rick J. Norman, and Dale R. Baringer, 1 La. Prac. Corp. § 9:180 (2016–2017 ed.)).

Here, Plaintiff's Second Amended Complaint makes only the feeblest attempt to show that Exxon controlled MEG's operations in Equatorial Guinea, alleging "[u]pon information and belief" that Exxon "and/or" MEG "had in place for all workers on this operation a 5-week fatigue limit." (Doc. 32 at ¶ 8). This *disjunctive*, "information and belief allegation" lacks any corroborating detail and is far too slim to plausibly establish that Exxon controlled MEG's operations, even at the pleading stage. *See McLin v. Twenty-First Jud. Dist.*, 614 F. Supp. 3d 278, 288 (M.D. La. 2022) (Jackson, J.) (dismissing claim based on "information and belief" allegations because

"[a]s a rule, an 'information and belief' allegation cannot stand on its own; rather, it must be accompanied by sufficient additional detail to make the allegation 'plausible on its face.'" (citing authorities)); *Mod. Gaming, Inc. v. Sockeye Software, LLC*, No. 22-cv-00357, 2023 WL 157796, at \*2 (M.D. La. Jan. 11, 2023) (Jackson, J.) (dismissing claim based on disjunctive "information and belief" allegation, which, accepted as true, indicated both that defendant *was* and was *not* liable for the alleged conduct). Plaintiff's threadbare claims against Exxon must be dismissed under Rule 12(b)(6).

When a complaint fails to state a claim, the plaintiff generally should be allowed an opportunity to amend before dismissing with prejudice, unless it is clear that amendment would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Here, Plaintiff has amended twice, and provides no indication that he could do better vis-à-vis Exxon if given a third attempt. As such, the Court determines that amendment would be futile. Accordingly,

**IT IS ORDERED** that Exxon's **Rule 12 Motion To Dismiss (Doc. 33)** be and is hereby **GRANTED**, and that Plaintiff's claims against Exxon be and are hereby **DISMISSED WITH PREJUDICE**.

Separately, the Court shall issue a partial judgment dismissing Exxon from this action.

Baton Rouge, Louisiana, this 3rd day of May, 2023

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

4